IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : CRIMINAL ACTION NO. 09-554 |
| v. | : |
| MALCOLM MOORE | : CIVIL ACTION NO. 12-278 |

**MEMORANDUM**

**Padova, J.**                                                                                                     **May 29, 2012**

Defendant Malcolm Moore has filed a *pro se* Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (the "§ 2255 Motion") challenging his sentence of 300 months and one day imprisonment. The Government has filed a Motion to Dismiss the § 2255 Motion on the ground that Moore waived his right to bring a § 2255 Motion in his Plea Agreement. For the following reasons, we grant the Government's Motion and dismiss the § 2255 Motion.

**I.     BACKGROUND**

Defendant Malcolm Moore committed a gunpoint robbery of Jimmy's Angels Salon in Philadelphia on May 19, 2009. On November 18, 2010, Moore pled guilty to three charges stemming from this robbery: interference with interstate commerce by robbery, in violation of 18 U.S.C. § 1951(a); using and carrying a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c); and being a convicted felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Moore entered into a Plea Agreement with the Government pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) and agreed to a sentence of 300 months and one day imprisonment, five years of supervised release, a $300 special assessment, and mandatory restitution. On February 3, 2011, we imposed that sentence, which included a downward variance from Moore's advisory Guidelines sentencing range of 451 to 488 months. Moore asks, in the § 2255 Motion, that we vacate this sentence on the ground that we erred at sentencing by classifying him as a Career


Offender pursuant to U.S.S.G. § 4B1.1.[1]

## II. LEGAL STANDARD

The Government has moved to dismiss Moore's § 2255 Motion on the ground that Moore waived his right to collaterally attack his sentence in his Guilty Plea Agreement. The United States Court of Appeals for the Third Circuit has held that a defendant's waiver of appellate or collateral attack rights is enforceable provided that (1) it was entered into knowingly and voluntarily; (2) no specific exception set forth in the agreement applies; and (3) enforcement of the waiver would not work a miscarriage of justice. United States v. Goodson, 544 F.3d 529, 536 (3d Cir. 2008) (citing United States v. Jackson, 523 F.3d 234, 243-44 (3d Cir. 2008)); see also United States v. Shedrick, 493 F.3d 292, 297-98 (3d Cir. 2007); United States v. Khattak, 273 F.3d 557, 562-63 (3d Cir. 2001).

## III. DISCUSSION

### A. Knowing and Voluntary Waiver

We first "consider whether there is record evidence that [Moore] knowingly and voluntarily signed the waiver." United States v. Gwinnett, 483 F.3d 200, 203 (3d Cir. 2007). In making this determination, we look to the language of the waiver and to the guilty plea colloquy. See United States v. Mabry, 536 F.3d 231, 238 (3d Cir. 2008) (citing Gwinnett, 483 F.3d at 203-04).

The language of Moore's Guilty Plea Agreement clearly provides that, with only limited exceptions, he waived his right to appeal or collaterally attack his conviction and sentence pursuant

---

[1] On April 9, 2012, Moore filed a motion to amend the § 2255 Motion, requesting leave to add a claim for ineffective assistance of counsel. The motion to amend did not include a proposed amendment or allege any facts that would support such a claim. We nevertheless granted Moore's motion to amend, and gave him leave to file an amended § 2255 Motion on or before May 10, 2012. Moore did not file an amended § 2255 Motion, so we consider only the claim he raised in his original § 2255 Motion.

to 28 U.S.C. § 2255: "the defendant voluntarily and expressly waives all rights to appeal or collaterally attack [his] conviction, sentence, or any other matter . . . under . . . 28 U.S.C. § 2255." (Guilty Plea Agreement ¶ 8.)  The Guilty Plea Agreement also states that defendant "acknowledges his waiver of rights" (Id. ¶ 1), and that "the defendant and [his] lawyer have fully discussed this plea agreement."  (Id. ¶ 11).

Prior to accepting Moore's guilty plea, the Honorable Cynthia Rufe conducted a plea colloquy pursuant to Federal Rule of Criminal Procedure 11, which provides as follows:

> Before the court accepts a plea of guilty or nolo contendere, the defendant may be placed under oath, and the court must address the defendant personally in open court.  During this address, the court must inform the defendant of, and determine that the defendant understands . . .
>
> (N)   the terms of any plea-agreement provision waiving the right to appeal or to collaterally attack the sentence.

Fed. R. Crim. P. 11(b)(1); see also Gwinnett, 483 F.3d at 204.  During the plea colloquy, Judge Rufe confirmed that Moore had read the Guilty Plea Agreement and discussed it completely with his attorney.  (11/18/10 Hr'g Tr. at 13-14.)  Judge Rufe asked Moore whether he had been threatened, coerced, or forced into pleading guilty; he answered that he had not been.  (Id. at 20.)  Moreover, the Government explained that the Guilty Plea Agreement contained a waiver of Moore's right to collaterally attack his conviction and sentence, which Moore stated he understood.  (Id. at 15-16, 30-31.)  Judge Rufe also conducted the following colloquy with Moore with respect to the waiver:

> THE COURT: Now, you also have appellate rights which are affected by your guilty plea.  Do you understand that if you were found guilty at trial, you could then appeal that finding of guilt to the appellate court, and that is the Third Circuit Court of Appeals, which could then set aside your conviction or modify your finding of guilt or even grant you a new trial.  Do you understand that?

>THE DEFENDANT:  Yes.
>
>THE COURT:  Now, in your plea agreement, as I understand it, you have further limited your appellate rights.  And do you understand that the plea agreement that you signed will be binding on you if you enter a guilty plea today?
>
>THE DEFENDANT:  Yes.
>
>THE COURT: And I do wish to review that specifically with you as it appears on page four, paragraph eight.  This plea agreement states with very limited exceptions that you give up the right to file any appeal in this case or any later challenge, such as a habeas corpus motion to vacate, set aside, or correct your sentence, and that the plea agreement states that you may appeal only if the following occurs.
>
>>If the government files a direct appeal of your sentence, then you may file a direct appeal of your sentence.  That's one way you could still appeal.  But if the government does not appeal, then you may only file a direct appeal . . . if your sentence exceeds the agreed upon sentence of twenty-five years and one day imprisonment.  Do you understand that?
>
>THE DEFENDANT: Yes.

(Id. at 30-31.) Following the colloquy with Moore, Judge Rufe found that he was competent to plead and that his plea was knowing and voluntary.  (Id. at 39-40.)

In sum, the Guilty Plea Agreement and Judge Rufe's colloquy with Moore demonstrate that he was fully informed of his rights, the Government's obligations, and the nature of the appellate and collateral attack waiver.  Furthermore, Moore indicated, by both his execution of the Guilty Plea Agreement and his sworn responses to Judge Rufe's questions, that he had consulted with his attorney and understood the waiver.  Therefore, we find that Moore knowingly and voluntarily entered into the appellate and collateral attack waiver contained in the Guilty Plea Agreement.

B.      Exceptions to the Waiver

We next consider whether any specific exception set forth in the waiver provision applies. The waiver provision of Moore's Guilty Plea Agreement contains the following limitations and exceptions:

> This waiver is not intended to bar the assertion of constitutional claims that the relevant case law holds cannot be waived.
>
> a.      Notwithstanding the waiver provision above, if the government appeals from the sentence, then the defendant may file a direct appeal of his sentence.
>
> b.      If the government does not appeal, then notwithstanding the waiver provision set forth in this paragraph, the defendant may file a direct appeal but may raise only the claim that the defendant's sentence exceeds the agreed upon sentence of 25 years and 1 day imprisonment, 5 years supervised release, a $300 special assessment, and mandatory restitution.

(Guilty Plea Agreement ¶ 8.)  Moore does not contend that any of these exceptions apply here, and we can perceive no basis for such an argument.  Moore does not assert any non-waiveable constitutional claim, the Government has not appealed, and the instant Motion is not a direct appeal. Moreover, we did not sentence Moore in excess of the agreed-upon sentence.  Accordingly, we conclude that no specific exception contained in the waiver provision applies in this case.

C.      Miscarriage of Justice

Finally, we must determine whether enforcing the waiver would be a miscarriage of justice. The circumstances in which an error amounts to a miscarriage of justice are "unusual," Khattak, 273 F.3d at 562, and the miscarriage of justice exception must be "'applied sparingly and without undue generosity.'"  United States v. Wilson, 429 F.3d 455, 458 (3d Cir. 2005) (quoting United States v.

Teeter, 257 F.3d 14, 26 (1st Cir. 2001)). To evaluate whether enforcement of a waiver would result in a miscarriage of justice, we consider: the "clarity of the error," the gravity of the error, the character of the error, "'the impact of the error on the defendant, the impact of correcting the error on the Government, and the extent to which the defendant acquiesced in the result.'" Khattak, 273 F.3d at 563 (quoting Teeter, 257 F.3d at 25-26).

Moore asserts that we erred at sentencing by determining that he qualified as a Career Offender pursuant to U.S.S.G. § 4B1.1, because one of his prior felony convictions resulted in only 11 months of incarceration. We conclude that enforcing the waiver of the right to bring this argument does not amount to a miscarriage of justice.

First, we did not commit error in determining that Moore was a Career Offender. Contrary to Moore's argument, a prior conviction constitutes a "prior felony conviction" for the purposes of the Career Offender enhancement if the conviction is *punishable* by a term of imprisonment exceeding 12 months "regardless of the actual sentence imposed." See U.S.S.G. § 4B1.2 cmt. n.1. Here, Moore was sentenced to 11-23 months, so this conviction clearly qualifies as a "prior felony conviction." The actual time served is immaterial. Second, Moore's classification as a Career Offender did not affect his ultimate Guideline range, because his Guideline range without the Career Offender enhancement was greater than the applicable range under the Career Offender provision. See U.S.S.G. § 4B1.1(c)(2). Third, we varied downwards from Moore's Guideline range and imposed the *mandatory minimum* sentence of 300 months and one day imprisonment, as agreed upon by the parties in the Plea Agreement.[2] Thus, we conclude that there was no error at sentencing.

---

[2] Moore faced a mandatory minimum of 300 months imprisonment for his conviction under 18 U.S.C. § 924, which had to be imposed consecutively to the sentences imposed on the other two counts of conviction.

After considering Moore's claim for relief, and the factors listed in Goodson, we conclude that enforcement of Moore's waiver of his right to bring a motion under 28 U.S.C. § 2255 will not result in a miscarriage of justice.

## IV.   CONCLUSION

For the reasons stated above, we grant the Government's Motion to Dismiss, and dismiss the § 2255 Motion.  An appropriate Order follows.

<div style="text-align: right;">

BY THE COURT:

/s/ John R. Padova
John R. Padova, J.

</div>